IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


KELLY EVANS,

 Plaintiff,

          Case No.  3:14-cv-01242-KM

v.

          Honorable Karoline Mehalchick

GORDON FOOD SERVICE,

 Defendant.

| | |
|---|---|
| Stanley J. Brassington<br>PA Attorney ID #52302<br>120 East Main Street<br>Schuylkill Haven, PA  17972<br>570.385.5500<br>brasslaw@cs.com<br><br>*Counsel for Plaintiff* | Anthony R. Comden<br>William H. Fallon<br>MILLER JOHNSON<br>250 Monroe Avenue, NW, Suite 800<br>Grand Rapids, MI  49503<br>616.831.1700<br>comdent@millerjohnson.com<br>fallonw@millerjohnson.com<br><br>Mark Sheridan<br>PA Attorney ID #92712<br>MARGOLIS EDELSTEIN<br>220 Penn Ave., Suite 305<br>Scranton, PA 18503<br>570-342-4231<br>msheridan@margolisedelstein.com<br><br>*Counsel for Defendant* |

## DEFENDANT'S BRIEF IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

## TABLE OF CONTENTS

INDEX OF AUTHORITIES.................................................................................................iii

INDEX OF EXHIBITS ....................................................................................................v

I.  INTRODUCTION AND PROCEDURAL HISTORY ..............................................1

II.  STATEMENT OF UNDISPUTED MATERIAL FACTS........................................1

     A.     Plaintiff applies for employment with GFS ...............................................1

     B.     Plaintiff completes an EEOC Intake Questionnaire....................................2

     C.     Plaintiff's counsel contacts the Pennsylvania Human Relations
             Commission ("PHRC")...............................................................................3

     D.     Plaintiff's counsel and the PHRC have various communications
             between August 2012 and April 2014 ......................................................3

     E.     The PHRC finds Plaintiff's claim to be untimely and issues a right
             to sue letter   .............................................................................................4

     F.     Plaintiff files this lawsuit in the United States District Court for the
             Middle District of Pennsylvania ..............................................................4

III.  STATEMENT OF QUESTIONS INVOLVED.......................................................5

IV.  ARGUMENT    .............................................................................................5

     A.     Summary Judgment Standard .....................................................................5

     B.     Plaintiff's Title VII Claims (Count I) Are Procedurally and Time
             Barred     .................................................................................................6

           1.     Plaintiff's Title VII Claims Are Barred Because She Failed to File a
                  Timely Charge With The EEOC...................................................6

           2.     Plaintiff's Title VII Claims Are Barred Because She Failed To Obtain A
                  Right to Sue Letter from the EEOC.........................................10

           3.     Plaintiff's Right to Sue Notice from the PHRC Does Not Give Her The
                  Right To Bring Title VII Claims...............................................11

           4.     Plaintiff's Title VII Claims Are Barred Because She Failed To File A
                  Timely Complaint With The PHRC .........................................12

5.      The PHRC Right to Sue Notice Does Not Entitle Plaintiff To Pursue
        Untimely Claims In Court...........................................................................14

C.      Plaintiff's Tort Claims (Counts II and III) Are Barred By The Six
        Month Contractual Period of Limitations In Her Employment
        Application     ...........................................................................................15

V.  CONCLUSION     .............................................................................................17

COMPLIANCE WITH LOCAL RULE 7.8(b)(2) ........................................................19

# <u>INDEX OF AUTHORITIES</u>

## Cases

*Albright v. City of Philadelphia*, 399 F. Supp. 2d 575, 583 n.13 (E.D. Pa. 2005)........................ 11

*Balazs v. Liebenthal*, 32 F.3d 151, 157 (4th Cir. 1994)...................................................... 7

*Barzanty v. Verizon Pa., Inc.*, 361 F. App'x 411, 415 n.5 (3d Cir. 2010) ...................................... 8

*Berckeley Inv. Group. Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) ...................................... 9

*Bihler v. Singer Co.*, 710 F.2d 96, 99 (3d Cir. 1983)......................................................... 10

*Black v. Brown Univ.*, 555 F. Supp. 880, 884 (D.R.I. 1983) ................................................. 11

*Brady v. Prudential Ins. Co.*, 168 Pa. 645, 649; 32 A. 102 (1895)............................................ 16

*Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260, 261, 265 (3d Cir. 2006)........................ 6, 7

*Burgh v. Borough Council*, 251 F.3d 465, 469-470 (3d Cir. 2001)......................................... 6, 10

*Butts v. Southwestern Energy Prod. Co.*, No. 3:12-CV-1330, 2014 U.S. Dist. LEXIS 130216, at *7 ...................................................................................... 6

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 325 (1986) ................................................... 5

*Cole v. Fed. Express Corp.*, No. 06-3485, 2008 U.S. Dist. LEXIS 71431, at *24-29 (E.D. Pa. Sept. 19, 2008) ...................................................................... 15, 16

*Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008) ................................................ 8

*Gokay v. Pennridge Sch. Dist.*, No. 02-8482, 2003 U.S. Dist. LEXIS 3201, at *12 (E.D. Pa. Mar. 3, 2003)......................................................................... 11

*Grosso v. Federal Express Corp.*, 467 F. Supp. 2d 449, 456 (E.D. Pa. 2006) ............................ 16

*Holtby v. Zane*, 220 Pa. 178, 180; 69 A. 674 (1908) ...................................................... 16

*Lefevre v. AT&T*, No. 94-3904, 1994 U.S. Dist. LEXIS 13427 (E.D. Pa. 1994) ........................ 14

*Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 164 (3d Cir. 2013) (citing 43 Pa. Cons. Stat. § 959(h))....................................................................... 12

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) ............................................... 10

*Occidental Life Ins. Co. of Cal. v. EEOC*, 432 U.S. 355, 359-360 (1977) ................................ 8

*Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976), *cert. denied*, 429 U.S. 1041 (1977) ................................................................ 10

*PSC Info Group v. Lason, Inc.*, 681 F. Supp. 2d 577, 587-588 (E.D. Pa. 2010) ................... 15, 17

*Sikkelee v. Precision Airmotive, Corp.*, 876 F. Supp. 2d 479, 483 (M.D. Pa. 2012) .................... 5

*Taylor v. Sample News Group, LLC*, No. 05-263E, 2006 U.S. Dist. LEXIS 62231 (W.D. Pa. Aug. 31, 2006) ................................................................ 14

*Urban v. Bayer Corp. Pham. Div.*, 245 F. App'x 211, 231 (3d Cir. 2007) ................................... 7

*Vincent v. Fuller Co.*, 532 Pa. 547; 616 A.2d 969, 974 (Pa. 1992) .............................. 12

*Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997) .................................. 12

**Statutes and Regulations**

29 C.F.R. § 1601.9 ................................................................ 6, 7

42 Pa. Cons. Stat. § 5501(a) ................................................................ 15

42 U.S.C. § 2000e-5 ................................................................ 6

## <u>INDEX OF EXHIBITS</u>

1.    Plaintiff's Employment Application

2.    Declaration of Beverly Tate

3.    EEOC Intake Questionnaire

4.    7/31/12 PHRC Letter

5.    8/5/12 Brassington Letter

6.    12/13/12 PHRC Letter

7.    3/12/14 PHRC Receipt of Requested Information

8.    4/7/14 PHRC Letter

9.    5/30/14 PHRC Letter

10.   Defendant's Second Request for Production of Documents

11.   EEOC FOIA Response

12.   Unpublished Opinions

## I.   INTRODUCTION AND PROCEDURAL HISTORY

This case arises out of Plaintiff's employment with Defendant Gordon Food Service ("GFS").  On June 26, 2014, Plaintiff Kelly Evans filed a lawsuit in the United States District Court for the Middle District of Pennsylvania against GFS. Count I alleges violations of Title VII of the Civil Rights Act of 1964.  Count II alleges intentional infliction of emotional distress.  Count III alleges negligent infliction of emotional distress.

GFS files this motion for summary judgment under Fed. R. Civ. P. 56(a) because there is no genuine dispute of material fact that Plaintiff (a) failed to meet the timing and jurisdictional requirements of Title VII and (b) raised her state law tort claims after the expiration of a six month contractual period of limitations.

## II.   STATEMENT OF UNDISPUTED MATERIAL FACTS

### A.   Plaintiff applies for employment with GFS.

1.   On July 8, 2010, Plaintiff applied for a custodian position at GFS's Pottsville, Pennsylvania distribution center. (Employment Application, Ex. 1).  The application contains the following clause:

> I agree that any action or suit against Gordon Food Service arising out of my employment or termination of employment, including but not limited to claims arising under state or federal civil rights statutes, must be brought within six months of the event giving rise to the claim or be forever barred.  I waive any statute of limitations to the contrary.

Plaintiff consented to this clause by selecting "I Agree" on the electronic application. *Id.*

2.     GFS hired Evans in July 2010, and she worked for GFS until August 2013, although her last day of active employment was August 12, 2012. (Declaration of Beverly Tate, Ex. 2).

**B.     Plaintiff completes an EEOC Intake Questionnaire.**

3.     On August 4, 2012, Plaintiff signed an EEOC Intake Questionnaire. (EEOC Intake Questionnaire, Ex. 3).  In the questionnaire, Plaintiff alleged two specific instances of discrimination, the second of which allegedly occurred on July 26, 2012.  The questionnaire does not contain a statement indicating that Plaintiff signed it under the penalty of perjury.

4.     The questionnaire provides that, "[u]pon receipt, this form will be reviewed to determine EEOC coverage." *Id.*   It also contains the following statement regarding its "Principal Purpose:"

> The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate.

*Id.*

**C.    Plaintiff's counsel contacts the Pennsylvania Human Relations Commission ("PHRC").**

5.    On July 31, 2012, the PHRC sent Plaintiff's counsel a PHRC questionnaire "designed to obtain information from you so that we can determine whether or not we are able to assist you, that is, whether or not we have jurisdiction over your concern." (July 31, 2012 letter, Ex. 4 at 1).  The PHRC informed Plaintiff's counsel that the "questionnaire is **NOT** considered a complaint." (Id. at 2) (emphasis in original).  On August 5, 2012, Plaintiff's counsel wrote a letter to "Intake Filing Complaint" of the PHRC enclosing "the HRC questionnaire for processing." (August 5, 2012 letter, Ex. 5).  The August 5, 2012, letter included Plaintiff's EEOC intake form, not the PHRC questionnaire. (April 7, 2014 letter, Ex. 8).

**D.    Plaintiff's counsel and the PHRC have various communications between August 2012 and April 2014.**

6.    Plaintiff's counsel and the PHRC communicated several times between August 2012 and April 2014, as summarized by the PHRC in an April 7, 2014, letter:

- August 7, 2012: PHRC received a letter and a copy of the EEOC intake form from Plaintiff's counsel.

- December 13, 2012: The PHRC requests additional information to aid in the drafting of a complaint.  [See Ex. 6].

- August 28, 2013: PHRC received a faxed copy of Plaintiff counsel's August 2012 letter with a hand written note asking for a status update.

- September 13, 2013: The PHRC contacted Plaintiff's counsel and explained the PHRC sent a letter to request additional information in December 2012.

- March 12, 2014: The PHRC received the additional information requested in December 2012.  [See Ex. 7]

- April 7, 2014: The PHRC asks Plaintiff's counsel for an explanation for the delay in providing the information to determine if there are grounds for equitable tolling.

(April 7, 2014 letter, Ex. 8) (emphasis added).

**E.     The PHRC finds Plaintiff's claim to be untimely and issues a right to sue letter.**

7.     On May 30, 2014, the PHRC Regional Director informed Plaintiff's counsel by letter that the PHRC refused to accept the complaint filed on March 12, 2014.  The PHRC did not accept the complaint "because it [was] clearly untimely with no grounds for equitable tolling."  (May 30, 2014 letter, Ex. 9).  According to the letter, "The Commission considers its refusal to accept your complaint for filing to be the same as a dismissal for purposes of Section 12(c)(1) and, therefore, to be an exhaustion of your administrative remedies with the Commission."  Id.

**F.     Plaintiff files this lawsuit in the United States District Court for the Middle District of Pennsylvania.**

8.     Plaintiff filed this complaint on June 25, 2014.  (Dkt #1.)

4

### III.   STATEMENT OF QUESTIONS INVOLVED

1.      Is GFS entitled to summary judgment on Count I because Plaintiff failed to file a Charge of Discrimination with the EEOC, failed to obtain a Right to Sue letter from the EEOC, and failed to file a timely complaint with the PHRC?

2.      Is GFS entitled to summary judgment on Counts II and III because Plaintiff agreed to a six month contractual limitations period and failed to bring her claims within six months of the alleged acts giving rise to them?

### IV.   ARGUMENT

**A.   Summary Judgment Standard**

Rule 56 provides that the court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The movant meets this burden by pointing to an absence of evidence supporting an essential element to which the nonmoving party will bear the burden at trial.  *Sikkelee v. Precision Airmotive, Corp*., 876 F. Supp. 2d 479, 483 (M.D. Pa. 2012) (citing *Celotex Corp*., 477 U.S. at 325).  If the moving party meets its burden, the burden shifts to the nonmoving party to rebut the motion with facts in the record.  The nonmoving party may not rest solely on assertions made in the pleadings, legal memoranda, or oral argument.

*Butts v. Southwestern Energy Prod. Co.*, No. 3:12-CV-1330, 2014 U.S. Dist. LEXIS 130216, at *7 (M.D. Pa. Sept. 15, 2014) (citing *Berckeley Inv. Group. Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006))[1].

**B.      Plaintiff's Title VII Claims (Count I) Are Procedurally And Time Barred**

Plaintiff's Title VII claims are barred because she did not file a Charge of Discrimination with the EEOC, did not receive a Right to Sue Letter from the EEOC, and failed to file a timely complaint with the PHRC.

1.      <u>Plaintiff's Title VII Claims Are Barred Because She Failed to File a Timely Charge With The EEOC.</u>

Under Title VII, plaintiffs must exhaust administrative remedies and procedures prior to bringing a civil action in court.  42 U.S.C. § 2000e-5.  To exhaust remedies, a plaintiff must file a timely Charge of Discrimination with the EEOC and receive a Right to Sue letter from the EEOC.  *Burgh v. Borough Council*, 251 F.3d 465, 469-470 (3d Cir. 2001) (citing 42 U.S.C. § 2000e-5).

A Charge of Discrimination must be in writing and verified.  29 C.F.R. § 1601.9.  A "verified" charge is:

> [S]worn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgments, or supported by an unsworn declaration in writing under penalty of perjury.

---

[1] All unpublished opinions are attached at Exhibit 12.

*Id*. at § 1601.3(a).  The verification requirement is mandatory, *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 261 (3d Cir. 2006) (citations omitted), and protects the employer from responding to frivolous charges. *Id*. (quoting *Balazs v. Liebenthal*, 32 F.3d 151, 157 (4th Cir. 1994)).

An unverified EEOC intake questionnaire does not satisfy the statutory Charge requirement.  *Buck*, 452 F.3d at 260; *Urban v. Bayer Corp. Pham. Div.*, 245 F. App'x 211, 231 (3d Cir. 2007).  In *Buck*, the plaintiff's attorney signed her intake questionnaires under a pre-printed statement: "I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information and belief."  The Third Circuit ruled this statement did not satisfy the statute's verification requirement because the plaintiff and her attorney failed to make her declaration under the penalty of perjury.  *Id*.[2]

Additionally, an unverified intake questionnaire does not satisfy the Charge requirement because the Charge form and intake questionnaire serve different

---

[2] In *Buck*, the Third Circuit reversed the district court's order dismissing the suit because the defendant initially responded to the plaintiff's unverified charge instead of raising the defense of the plaintiff's failure to verify.  The court ruled that an employer waives its right to secure dismissal of the federal court proceeding on the basis of the plaintiff's failure to verify where an employer has actual notice of a discrimination charge and chooses to respond to the merits of the claim without asserting lack of verification as a defense before the EEOC.  *Buck*, 452 F.3d at 265.  The circumstances that led the court in *Buck* to overturn the district court are not present in this case because Plaintiff never filed an EEOC charge and GFS never received notice from the EEOC.

purposes.  Intake questionnaires facilitate "pre-charge filing counseling" and allow the EEOC to determine if it has jurisdiction to pursue a charge.  The EEOC does not share intake questionnaires with the employer during the pendency of its initial investigation.  *Barzanty v. Verizon Pa., Inc.*, 361 F. App'x 411, 415 (3d Cir. 2010) (citing *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008)).[3]  Charge forms notify the employer of the charges against it and define the scope of the EEOC investigation.  *Id.* (citing *Occidental Life Ins. Co. of Cal. v. EEOC*, 432 U.S. 355, 359-360 (1977)).

Here, Plaintiff did not file a Charge with the EEOC.  Plaintiff has failed to produce—and GFS was unable to identify—any evidence that she actually filed a Charge of Discrimination with the EEOC.   GFS specifically requested from Plaintiff her EEOC Charge of Discrimination in its Second Request for Production of Documents. (Defendant's Second Request for Production of Documents, Ex. 10).  In response, Plaintiff failed to produce a Charge of Discrimination and only produced her EEOC Intake Questionnaire.  Consistent with Plaintiff's failure to produce an EEOC Charge of Discrimination, the EEOC was unable to locate any Charge filed by Plaintiff in response to a Freedom of Information Act request from GFS.  (EEOC FOIA Response, Ex. 11).

---

[3]  *Holowecki* concerned a questionnaire under the Age Discrimination in Employment Act of 1967 and not a Title VII questionnaire.  Although the forms were different, the *Barzanty* court ruled each form had the same general purpose. *Barzanty*, 361 F. App'x at 415 n.5.

Plaintiff's unverified EEOC intake questionnaire does not satisfy the statutory Charge requirement because it does not contain any statement to verify its truth or accuracy.   Indeed, her questionnaire contains no oath, affirmation, or declaration that she provided her statements under the penalty of perjury.   In applying the *Buck* standard here, it is clear that Plaintiff did not verify her intake questionnaire and therefore it does not satisfy the statutory Charge requirement.

Furthermore, Plaintiff's questionnaire was designed to aid the EEOC in the investigation of her allegations and was not intended to serve as a Charge of Discrimination.   According to the questionnaire, its purpose "is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate." (Ex. 3).   This statement is consistent with the Third Circuit's understanding that the purpose of an EEOC questionnaire is to facilitate "pre-charge filing counseling" and allow the EEOC to determine if it has jurisdiction. See *Barzanty*, *supra*.   The fact that the EEOC neither contacted GFS nor investigated Plaintiff's allegations (see ex. 2) demonstrates that the intake questionnaire only facilitated the "pre-charge filing process" and was not a Charge of Discrimination.

Plaintiff's failure to file an EEOC Charge of Discrimination bars her Title VII claims.

2.   <u>Plaintiff's Title VII Claims Are Barred Because She Failed To Obtain
A Right to Sue Letter from the EEOC.</u>

Under Title VII, a plaintiff must exhaust administrative remedies before

suing in federal court.  *Burgh*, 251 F.3d at 469.  The filing of a Charge with the

EEOC and the receipt of a notice of a Right to Sue letter are jurisdictional

prerequisites to a civil action under Title VII.  *Ostapowicz v. Johnson Bronze Co.*,

541 F.2d 394, 398 (3d Cir. 1976), *cert. denied*, 429 U.S. 1041 (1977) (citing

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).   The exhaustion

requirement serves two purposes.  First, it puts the employer on notice of the

complaint and gives the employer the opportunity to take remedial action.  Second,

exhaustion gives the EEOC notice of the alleged violation and an opportunity to

fulfill its responsibility of eliminating the alleged unlawful practice through

informal methods.  *Bihler v. Singer Co.*, 710 F.2d 96, 99 (3d Cir. 1983).

Plaintiff's failure to obtain a Right to Sue notice from the EEOC bars her

Title VII claims.   In response to GFS's discovery requests, Plaintiff did not

produce a Right to Sue notice from the EEOC.  Consistent with this failure of

production, Plaintiff does not even allege in her Complaint that she received a

Right to Sue notice from the EEOC.  Instead, she only refers to a right to sue notice

from the PHRC.  (Complaint, Dkt#1, ¶9).

Consistent with Plaintiff's failure to file a Charge with the EEOC, the EEOC

never put GFS on notice of Plaintiff's allegations.  GFS did not receive notice of a

complaint filed with the EEOC, notice of an EEOC investigation, or notice of Plaintiff's exhaustion of administrative remedies. (Ex. 2).  Plaintiff's failure to exhaust her administrative remedies bars her Title VII claims.

> 3.   <u>Plaintiff's Right to Sue Notice from the PHRC Does Not Give Her The Right To Bring Title VII Claims.</u>

GFS anticipates that Plaintiff will argue that her Title VII claims are not barred because she received a right to sue notice from the PHRC.  However, a right to sue notice issued by the PHRC does not constitute final action by the EEOC and does not give a plaintiff the right to bring Title VII claims.  See, e.g., *Albright v. City of Philadelphia*, 399 F. Supp. 2d 575, 583 n.13 (E.D. Pa. 2005) (PHRC right to sue letters do not constitute final agency action by the EEOC); *Gokay v. Pennridge Sch. Dist.*, No. 02-8482, 2003 U.S. Dist. LEXIS 3201, at *12 (E.D. Pa. Mar. 3, 2003) ("We are aware of no case in this circuit holding that the closure of a state law administrative case by a state agency triggers the federal Title VII limitations period"); *Black v. Brown Univ.*, 555 F. Supp. 880, 884 (D.R.I. 1983) (a right to sue letter from a state agency is not equivalent to an EEOC right to sue letter).

In applying the standards of *Albright*, *Gokay*, and *Black*, it is clear that Plaintiff did not exhaust her federal administrative remedies.  First, the right to sue letter issued by the PHRC is not a final EEOC action and has no effect on Plaintiff's ability to raise her Title VII claims.  Second, Plaintiff did not receive an

EEOC Right to Sue letter and produced no evidence that she exhausted her federal administrative remedies with the EEOC.  Even if Plaintiff timely filed her PHRC charge (which she did not), she failed to produce any evidence to show she requested dual filing or met the Title VII jurisdictional requirements.  Plaintiff cannot use her right to sue notice from the PHRC to alleviate the procedural deficiencies of her Title VII claim.

    4.    <u>Plaintiff's Title VII Claims Are Barred Because She Failed To File A Timely Complaint With The PHRC.</u>

Even if Plaintiff's Right to Sue notice from the PHRC allows her to bring her Title VII claims in federal court, Plaintiff's Title VII claims are nonetheless barred because she failed to file a timely complaint with the PHRC.  An individual must file an administrative complaint with the PHRC within 180 days of the alleged act of discrimination.  *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 164 (3d Cir. 2013) (citing 43 Pa. Cons. Stat. § 959(h)).  Pennsylvania courts strictly interpret this requirement and have repeatedly held as follows:

> [P]ersons with claims that are cognizable under the Human Relations Act must avail themselves of the administrative process of the Commission or be barred from the judicial remedies authorized in Section 12(c) of the Act.

*Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997) (quoting *Vincent v. Fuller Co.*, 532 Pa. 547; 616 A.2d 969, 974 (Pa. 1992)).

Plaintiff alleges in her Complaint that the alleged conduct which forms the basis for her lawsuit took place in May 2012.   (Complaint, Dkt #1, at ¶22). According to her EEOC intake questionnaire, Plaintiff alleges she was harassed about her personal life on July 3, 2012.  (Ex. 3 at 2).  She also alleges GFS personnel discriminated against her on July 26, 2012, because she brought a harassment charge against management personnel.  *Id*.  Based on this information, Plaintiff had 180 days—until January 22, 2013—to file an administrative complaint with the PHRC.

The PHRC received a letter from Plaintiff's attorney and a copy of her EEOC intake form on August 7, 2012. (See Ex. 5).  However, despite sending Plaintiff a questionnaire on September 31, 2012, the PHRC received no additional information from Plaintiff or her attorney until March 12, 2014—594 days after the last alleged act of discrimination. *Id*.  On May 30, 2014, the PHRC informed Plaintiff's counsel that it refused to accept her March 12 complaint because "it is clearly untimely with no grounds for equitable tolling." (Ex. 9).  The August 7, 2012 letter from Plaintiff's counsel itself was not a complaint for PHRC purposes, and Plaintiff failed to provide the PHRC with the necessary information to prepare her PHRC complaint in a timely manner thereafter.

Plaintiff did not file a complaint with the PHRC within 180 days as required by Pennsylvania statute.  Her allegations are clearly untimely.  Therefore, even if

the PHRA right to sue notice authorized Plaintiff to file Title VII claims (which it did not), the fact that Plaintiff failed to avail herself of the administrative process bars her from the judicial remedies authorized by the PHRA.

>    5.    The PHRC Right To Sue Notice Does Not Entitle Plaintiff To Pursue Untimely Claims In Court.

GFS anticipates that Plaintiff may argue that she may pursue her untimely claims in Court because the PHRC granted Plaintiff the right to sue in its May 30, 2014 letter (ex. 9) to her.  However, the fact that the PHRC considers Plaintiff to have exhausted her administrative remedies does not establish that she timely filed a complaint with the PHRC such that she may pursue those claims in court.  In fact, courts regularly dismiss PHRA claims based on untimely complaints filed with the PHRC. See, e.g., *Taylor v. Sample News Group, LLC*, No. 05-263E, 2006 U.S. Dist. LEXIS 62231 (W.D. Pa. Aug. 31, 2006) (although plaintiff a received right to sue letter from PHRC, her failure to file an administrative complaint within 180 days of the alleged discrimination foreclosed an action or remedy in court); *Lefevre v. AT&T*, No. 94-3904, 1994 U.S. Dist. LEXIS 13427 (E.D. Pa. 1994) (defendant's motion to dismiss granted because dismissal of untimely PHRC claim did not constitute exhaustion of administrative procedures).

In sum, Third Circuit law is clear: to bring a claim under Title VII, a plaintiff must file a verified charge with the EEOC, receive a right to sue letter from the

EEOC, and comply with all Title VII and EEOC time limitations.  Plaintiff failed to meet all of these requirements and her Title VII claims are barred.

**C.      Plaintiff's Tort Claims (Counts II and III) Are Barred By The Six Month Contractual Period of Limitations In Her Employment Application**

Pennsylvania law allows parties to contractually limit a statute of limitations:

> An action, proceeding or appeal must be commenced within the time specified in or pursuant to this chapter unless, **in the case of a civil action or proceeding**, a different time is provided by this title or another statute or **a shorter time which is not manifestly unreasonable is prescribed by written agreement**.

42 Pa. Cons. Stat. § 5501(a) (emphasis added).  Six months is not manifestly unreasonable for claims of intentional and negligent infliction of emotional distress.  *Cole v. Fed. Express Corp.*, No. 06-3485, 2008 U.S. Dist. LEXIS 71431, at *27 (E.D. Pa. Sept. 19, 2008); *PSC Info Group v. Lason, Inc.*, 681 F. Supp. 2d 577, 587-588 (E.D. Pa. 2010).

In *Cole*, the plaintiff's employment agreement with the defendant contained a clause that required her to bring any legal action against the defendant within six months from the date of the event forming the basis of the lawsuit.  The plaintiff filed suit in August 2006 for events that occurred no later than June 2005.  The court dismissed the plaintiff's state law claims, holding that the six-month

contractual limitations period was reasonable.  Therefore, the state law tort claims were untimely.  *Cole*, *supra* at *24-29.

The court in *PSC Info Group* examined the history of Pennsylvania's contractual limitations law and found only three cases that addressed the reasonableness of a six month limitation period.  In two, *Holtby v. Zane*, 220 Pa. 178, 180; 69 A. 674 (1908) and *Brady v. Prudential Ins. Co.*, 168 Pa. 645, 649; 32 A. 102 (1895), the Pennsylvania Supreme Court enforced a contractual six month limitations period.  In the third case, *Grosso v. Federal Express Corp.*, 467 F. Supp. 2d 449 (E.D. Pa. 2006), the district court declined to enforce a provision in an employment agreement that required an employee to pursue any claim against the employer, including those under federal labor laws, within six months of the claim's accrual.  The *Grosso* court did not object to the inclusion of the limitation period in the plaintiff's employment contract but refused to enforce the six month limitation because it interfered with the plaintiff's rights under the federal Family Medical Leave Act.  *Id*. at 456.

However, nothing in *Grosso* suggests that contractual periods of limitation in employment applications or agreements are unenforceable.  See, e.g., *Cole*, *supra* ("there is no reason to find that the holding [in *Grosso*] extends to state causes of action").  Indeed, the *PSC Info Group* court refused to apply *Grosso* beyond the FMLA context.  The court relied on *Holtby* and *Brady* to rule that a

contractual limitation period of six months was enforceable because it was not manifestly unreasonable. *PSC Info Group*, 681 F. Supp. 2d at 588.

Under this analysis, Plaintiff's tort claims are untimely.  In her Application for Employment (ex. 1), Plaintiff agreed to bring claims against GFS within six months of the event giving rise to the claim, and she waived any statute of limitations to the contrary.  This agreement, like the provision in *Cole*, is an enforceable contract between Plaintiff and GFS.  Furthermore, this contract applies to Plaintiff's tort claims because they undisputedly arose out of her employment with GFS.  And, under clearly established Pennsylvania law, the six month period of limitations in Plaintiff's Application for Employment is not manifestly unreasonable.

Plaintiff's claims are untimely because she raised them well beyond the six months limitations period.  The events giving rise to her tort claims allegedly took place in 2012, but she did not file this lawsuit until May 2014–more than a year after the expiration of the six month contractual period of limitations.  Therefore, Plaintiff's tort claims are untimely as a matter of law and should be dismissed.

## V.    CONCLUSION

For these reasons, Defendant Gordon Food Service requests that the Court grant its Motion for Summary Judgment and dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

Date:  February 18, 2015          By:  _/s/ Anthony R. Comden_____

Anthony R. Comden
William H. Fallon
MILLER JOHNSON
250 Monroe Avenue, NW, Ste. 800
Grand Rapids, MI  49503
616.831.1700
comdent@millerjohnson.com
fallonw@millerjohnson.com

Mark Sheridan
PA Attorney ID #92712
MARGOLIS EDELSTEIN
220 Penn Ave., Suite 305
Scranton, PA 18503
570-342-4231
msheridan@margolisedelstein.com

*Counsel for Defendant*

18

## <u>COMPLIANCE WITH LOCAL RULE 7.8(B)(2)</u>

Pursuant to L.R. 7.8(b)(2), the undersigned certifies that the foregoing brief complies with the word-count limit.  This brief contains 4,925 words, excluding this certificate of compliance, and the certificate of service.


Date: February 18, 2015                    <u>  /s/ Anthony R. Comden            </u>

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 18, 2015, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. first class mail for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

*/s/ Anthony R. Comden*

Anthony R. Comden
MILLER JOHNSON
Attorneys for Defendant
250 Monroe Avenue, NW, Suite 800
Grand Rapids, MI  49503
(616) 831-1700
comdent@millerjohnson.com

MJ_DMS 26885939v2 16274-208